UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 JUN 13  PM 3: 56

BY _____
DEPUTY CLERK

UNITED STATES OF AMERICA )
)
v. )      Case No. 2:24-CR 65-1
)
JESSICA RUSSELL, )
Defendant. )

## INDICTMENT

The Grand Jury charges:

### COUNTS ONE and TWO

1. For numerous years prior to summer 2015, Victim 1 resided in Vermont. Between in or about summer 2015 and in or about summer 2021, Victim 1 resided in North Carolina. In or around summer 2021, Victim 1 resumed residence in Vermont which continues to the present.

2. Beginning in or around autumn 2020 and continuing to the present, Victim 1's cognitive functioning began to deteriorate, given Victim 1's age and medical condition.

3. In or around summer 2013, Defendant JESSICA RUSSELL befriended Victim 1 through Victim 1's church group in Vermont.

4. At all relevant times, Community National Bank was a bank doing business in Vermont whose deposits were insured by the Federal Deposit Insurance Corporation.

5. At all relevant times, CarCode was an online messaging platform that enables prospective car buyers to communicate with car dealers via website chat, video chat, text, Facebook Messenger and Google Business Messages. CarCode is a product of Edmunds, a consumer car guide offering multiple services and products for dealers and consumers. Edmunds is headquartered in Santa Monica, California and does not have any servers or data centers in the

District of Vermont.

6.   At all relevant times, Meta was a technology company offering devices, applications, services and work tools.  Meta's applications include Facebook, a social media platform that enables users to connect with friends by, among other activities, sharing text, photographic and video content and to communicate directly via text messages, audio and video calls.  Facebook's features include Marketplace, an online forum where people can purchase, sell and communicate about various items posted for sale.  Meta is headquartered in Menlo Park, California and does not have any servers or data centers in the District of Vermont.

## The Scheme

7.   Between approximately summer 2013 and continuing to the present, in the District of Vermont and elsewhere, Defendant JESSICA RUSSELL and others, known and unknown to the Grand Jury, willfully participated in a scheme and artifice to defraud Victim 1, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

## Manner and Means

8.   It was part of the scheme that, between approximately summer 2013 and July 2023, Defendant JESSICA RUSSELL befriended Victim 1 and earned the trust of Victim 1 by exploiting Victim 1's vulnerabilities due to age, grief and, over time, declining medical and cognitive condition.

9.   It was part of the scheme that, between approximately summer 2013 and July 2023, Defendant JESSICA RUSSELL limited and controlled third-party contact with Victim 1, estranging Victim 1's family members and friends and enabling Defendant JESSICA RUSSELL to exert greater influence and control over Victim 1.

2

10. It was part of the scheme that, between approximately summer 2013 and July 2023, Defendant JESSICA RUSSELL fortified her relationship with Victim 1 by calling Victim 1 "mom" or similar maternal terms.

11. It was part of the scheme that, on or about April 9, 2021, Victim 1 executed a Durable General Power of Attorney ("DGPA"), giving Defendant JESSICA RUSSELL "the right to act on [Victim 1's] behalf in any way [Victim 1] normally would act if physically or mentally present to the same extent as [Victim 1 is] or would be able." The DGPA explicitly stated it did "not allow [Defendant JESSICA RUSSELL] or Successor Agent(s) to act in an illegal or otherwise prohibited manner on [Victim 1's] behalf at any time."

12. It was part of the scheme that, on or about July 6, 2021, Victim 1 opened a checking account jointly with Defendant JESSICA RUSSEL at Community National Bank ("CNB") in Vermont, with an account number ending in 9081 ("CNB 9081").

13. It was part of the scheme that, on or about July 21, 2021, Victim 1 wired approximately $132,044.28 into CNB 9081. That money came from the sale of Victim 1's home in North Carolina. That home had been titled exclusively in Victim 1's name. CNB 9081 was funded with no other money.

14. It was part of the scheme that, on or about August 13, 2021, Defendant JESSICA RUSSELL purchased a 2017 Mitsubishi Outlander, with Vehicle Identification Number JA4AD2A32HZ007241 ("2017 Outlander"), for approximately $16,420.16 in cash from CNB 9081. Defendant JESSICA RUSSELL titled the 2017 Outlander in her name exclusively. Defendant JESSICA RUSSELL located the 2017 Outlander on the internet. Defendant JESSICA RUSSELL communicated with the automobile dealership about the purchase of the 2017 Outlander through CarCode's online chat feature, also providing her telephone number, on or

3

around August 12, 2021.

15. It was part of the scheme that, during 2024, Defendant JESSICA RUSSELL communicated by online chat about having a Mitsubishi dealership make repairs to the 2017 Outlander which Defendant JESSICA RUSSELL continued to represent as belonging to her.

16. It was part of the scheme that, on or about August 27, 2021, Defendant JESSICA RUSSELL purchased real property at 184 Glover Road in Barton, Vermont ("Barton Property") for approximately $68,000 in cash from CNB 9081. Defendant JESSICA RUSSELL titled the Barton Property exclusively in her name. In the days preceding the August 27, 2021 closing, Defendant JESSICA RUSSELL had located the listing for the Barton Property on the internet through Facebook Marketplace. Defendant JESSICA RUSSELL negotiated and otherwise arranged for the purchase of the Barton Property through Facebook Marketplace's online communication feature.

17. It was part of the scheme that after purchasing the Barton Property with Victim 1's money, Defendant JESSICA RUSSELL falsely claimed in online communications and in person communications that she had purchased the Barton Property with her own money or that she had inherited the Barton Property.

18. On or about each of the dates set forth below, in the District of Vermont and elsewhere, Defendant JESSICA RUSSELL, for the purpose of executing the scheme described above, and

4

attempting to do so, transmitted and caused to be transmitted by means of wire communication in interstate commerce the following:

| Count | Date | Purpose | Types of Wire |
|-------|------|---------|---------------|
| 1 | August 12, 2021 | Purchase of 2017 Outlander | Online CarCode communications |
| 2 | August 20-27, 2021 | Purchase of Barton Property | Online Facebook Marketplace communications |

(18 U.S.C. §§ 1343, 2)

COUNT THREE

On or about August 13, 2021, in the District of Vermont and elsewhere, Defendant

JESSICA RUSSELL did take and carry away with intent to steal and purloin approximately

$16,421.00 of money belonging to and in the care, custody, control, management and possession

of the Community National Bank, a bank whose deposits were then insured by the Federal

Deposit Insurance Corporation.

(18 U.S.C. § § 2113(b), 2)

COUNT FOUR

On or about August 27, 2021, in the District of Vermont and elsewhere, Defendant JESSICA RUSSELL did take and carry away with intent to steal and purloin approximately $68,000 of money belonging to and in the care, custody, control, management and possession of the Community National Bank, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation.

(18 U.S.C. § § 2113(b), 2)

## Forfeiture Notice

1.      The allegations contained in Counts One through Four of this Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.      Upon conviction of a violation of 18 U.S.C. § 1343 or § 2113(b), Defendant JESSICA RUSSELL shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to said violation. The property to be forfeited includes, but is not limited to, the following:

    a) United States funds in the amount of the gross proceeds obtained as a result of the violation;

    b) 2017 Mitsubishi Outlander, VIN JA4AD2A32HZ007241;

3. If any forfeitable property described above, as a result of any act or omission of the Defendant JESSICA RUSSELL: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (e) has been substantially diminished in value; or (f) has been commingled with other property which cannot be subdivided without difficulty, the United

8

States shall be entitled to the forfeiture of substitute property, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

(18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c))

A TRUE BILL

FOREPERSON

NIKOLAS P. KEREST (CGO)
United States Attorney
Burlington, Vermont
June 13, 2024

9